The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, Arkansas 72160-5713
Dear Senator Smith:
This is in response to your request for an opinion on the following question:
 Can persons who are neither a Clerk nor Judge loiter in front of a voting place for any purpose?
RESPONSE
It is my opinion that state law specifically proscribes certain conduct that may not occur within one hundred feet of a polling place on election day. State law, however, does not address "loiter[ing]" in front of a voting place for all purposes. A more definite specification of the conduct giving rise to your question would be necessary in order to determine the legality of particular conduct.
The most relevant statute addressing your question is A.C.A. §7-1-103(a)(9), as amended by Act 1525 of 1999, which provides as follows:
 (9)(A) No election official acting in his official capacity shall do any electioneering on election day or any day on which early voting is allowed. Except as provided in subdivisions (B) and (C) of this subdivision (9), no person shall hand out or distribute or offer to hand out or distribute any campaign literature or any literature regarding any candidate or issue on the ballot, solicit signatures on any petition, solicit contributions for any charitable or other purpose, or do any electioneering of any kind whatsoever in the building or within one hundred feet (100') of the primary exterior entrance used by voters to the building containing the polling place on election day.
Similar proscriptions apply on early voting days. See A.C.A. §7-1-103(9)(B) and (C), as amended by Act 1525 of 1999.
Thus, it is unlawful for any person to engage in "electioneering" or to solicit contributions for any purpose within one hundred feet of a polling site on election day. I have found no other provision of state law specifically addressing or prohibiting any other type of activity near polling sites. The county board of election commissioners shall provide, however, for the "preservation of order at all primary election precincts and shall allow no crowd to collect at the polling place nearer than authorized by law." A.C.A. § 7-7-303(b)(1).
The term "loiter" used in your request, forms the basis of a separate criminal statute. That statute, A.C.A. § 5-71-213, states that a person commits the offense of "loitering" if he:
 (1) Lingers, remains, or prowls in a public place or the premises of another without apparent reason and under circumstances that warrant alarm or concern for the safety of persons or property in the vicinity and, upon inquiry by a law enforcement officer, refuses to identify himself and give a reasonably credible account of his presence and purpose; or
 (2) Lingers, remains, or prowls in or near a school building, not having any reason or relationship involving custody of or responsibility for a student and not having written permission from anyone authorized to grant permission; or
 (3) Lingers or remains in a public place or on the premises of another for the purpose of begging; or
 (4) Lingers or remains in a public place for the purpose of unlawful gambling; or
 (5) Lingers or remains in a public place for the purpose of engaging or soliciting another person to engage in prostitution or deviate sexual activity; or
 (6) Lingers or remains in a public place for the purpose of unlawfully buying, distributing, or using a controlled substance; or
 (7) Lingers or remains in a public place for the purpose of unlawfully buying, distributing, or consuming an alcoholic beverage; or
 (8) Lingers or remains on or about the premises of another for the purpose of spying upon or invading the privacy of another; or
 (9) Lingers or remains on or about the premises of any off-site customer-bank communication terminal without any legitimate purpose.
Without a more definite description of the conduct prompting your question, I can only state that the conduct listed in the two statutes above is prohibited. The legality of other conduct would have to be analyzed with reference to all the facts.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh